**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

TRAVIS CUNNINGHAM,          )
                                    )
            Petitioner,      )
                                    )   CAUSE NO. 3:16-CV-395
        vs.                )
                                    )
SUPERINTENDENT,           )
                                    )
            Respondent.      )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Travis Cunningham, a pro se prisoner, on June 23, 2016. For the reasons set forth below, the court **DISMISSES** the petition **WITHOUT PREJUDICE** because the claims are unexhausted.

DISCUSSION

Cunningham filed a habeas corpus petition challenging WCC 16-05-458, a prison disciplinary proceeding held at the Westville Correctional Facility. On May 27, 2016, a Disciplinary Hearing Officer (DHO) found him guilty of Conspiracy/Attempting/Aiding or Abetting in violation of A-111. As a result, he was sanctioned with the loss of 60 days earned credit time and demoted to Credit Class 2.

In his petition, Cunningham attempts to raise four grounds to challenge the finding of guilt. However, he acknowledges that he has not presented any of these grounds to the Final Reviewing Authority. DE 1 at 1-3.

In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Because Cunningham concedes that he did not present these three grounds to the Final Reviewing Authority, they unexhausted.

CONCLUSION

     For the reasons set forth above, the court **DISMISSES** the petition **WITHOUT PREJUDICE** because the claims are unexhausted.

**DATED: July 6, 2016**

                                   **/s/RUDY LOZANO, Judge**
                                   **United State District Court**